THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 
 
 

v.

 
 
 
 Grace W. and
 Robert S. W., Jr., Defendants,
 
 
 
 

 
 
 
 Of whom Grace W.,
 is the Appellant.
 
 
 In
 the interest of two minor children.  
 
 
 

Appeal From Greenwood County
 Joseph W. McGowan, III, Family Court
Judge

Unpublished Opinion No. 2010-UP-549
 Submitted December 1, 2010  Filed
December 17, 2010    

AFFIRMED IN PART, REVERSED IN PART, AND
 REMANDED

 
 
 
 Bryan Christopher Able, of Laurens, for
 Appellant.
 Scarlet Bell Moore, of Greenville, for
 Respondent.
 Carson McCurry Henderson, of Greenwood, for
 Guardian ad Litem.
 
 
 

PER CURIAM: Grace
 W. (Mother) appeals from the family court's order terminating her parental
 rights to her two minor children (Son and Daughter, collectively Children).  The
 family court concluded clear and convincing evidence supported termination of Mother's
 parental rights pursuant to section 63-7-2870(1) of the South Carolina Code
 (2010).  Additionally, the family court found termination of parental rights
 (TPR) was in Children's best interests.  We affirm in part, reverse in part,
 and remand.
The grounds for TPR must be
 proven by clear and convincing evidence.  S.C. Dep't of Soc. Servs. v.
 Parker, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "Upon
 review, the appellate court may make its own finding from the record as to
 whether clear and convincing evidence supports the termination [of parental
 rights]."  S.C. Dep't of Soc. Servs. v. Headden, 354 S.C. 602, 609,
 582 S.E.2d 419, 423 (2003).  The family
 court may order TPR upon finding one or more of the eleven statutory grounds is
 satisfied and also finding TPR is in the best interest of the child.  S.C. Code
 Ann. § 63-7-2570 (2010).  In a TPR case, the best interests of the child are
 the paramount consideration.  S.C. Dep't of Soc. Servs. v. Smith, 343
 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "The interests of the child shall prevail if the child's
 interest and the parental rights conflict."  S.C. Code Ann. § 63-7-2620 (2010).   
Section 63-7-2570(1) of the
 South Carolina Code (2010) provides for TPR if:

 The
 child or another child in the home has been harmed as defined in Section
 63-7-20, and because of the severity or repetition of the abuse or neglect, it
 is not reasonably likely that the home can be made safe within twelve months.
 In determining the likelihood that the home can be made safe, the parent's
 previous abuse or neglect of the child or another child in the home may be
 considered.

 Section 63-7-20(4) of the South Carolina Code (2010) states "child abuse
 or neglect or harm" occurs when the parent "inflicts or allows to be
 inflicted upon the child physical or mental injury or engages in acts or
 omissions which present a substantial risk of physical or mental injury to the
 child . . . ." 
We agree with the family
 court's findings that Daughter was harmed.  However, regarding whether it is
 not reasonably likely the home can be made safe within twelve months, we find
 the record is insufficient to determine whether it is reasonably likely
 Mother's home could be made safe.  The original complaints for removal
 requested the family court approve a treatment plan for Mother; however, the
 Department of Social Services (DSS) testimony indicated that based on the
 severity of Daughter's injuries, it did not offer Mother services.  However,
 Mother requested DSS assistance in regaining custody of Children, and Mother completed
 a psychological evaluation and attended parenting classes.  Mother also filed
 for separation and divorce from her husband (Father), stating the only way she
 could ensure the safety of Children was to be on her own.  Nonetheless, we are
 concerned Mother admitted only she and Father cared for Daughter during the
 weeks surrounding the time the injuries could have occurred.  Additionally, prior
 to the abuse inflicted on Daughter, Son was removed from Mother's custody after
 law enforcement received a report he was unattended in a highway.  Furthermore,
 in its order, the family court did not provide any factual evidence in support
 of its finding it was not reasonably likely Mother's home could be made safe
 within twelve months as required by Rule 26, SCRFC.  See Rule 26(a), SCRFC ("An order or judgment pursuant to
 an adjudication in a domestic relations case shall set forth the specific
 findings of fact and conclusions of law to support the [family] court's
 decision.").  
Additionally, we find the
 record is insufficient to determine whether termination of Mother's parental
 rights was in Children's best interests.  At the TPR hearing, the DSS foster
 care worker assigned to Daughter admitted Mother supported and visited
 Children.  Additionally, the case worker believed Children were bonded with
 Mother.  Daughter's foster care worker had not met Daughter's foster parents
 but believed Daughter was bonded with them. Without explanation, DSS
 recommended it was in Daughter's best interests to be separated from Son.  DSS
 did not present any testimony from Son's foster care worker regarding how Son
 was adjusting in his current foster care placement or Son's future prospects
 for permanent placement.  Additionally, the guardian ad litem did not believe
 TPR was in Children's best interests.  Moreover, in its order, the family court
 did not provide any factual evidence in support of its finding TPR was in the
 best interests of Children as required by Rule 26, SCRFC.  
Accordingly, we affirm the
 family court's order as to its findings Daughter was harmed pursuant to section
 63-7-20(4).  However, we reverse the family court's order as to its findings on
 whether it is not reasonably likely Mother's home could be made safe within
 twelve months and best interests.  We remand the matter in order for the family
 court to make sufficient findings of fact as to whether it is not reasonably
 likely Mother's home could be made safe within twelve months and best
 interests.  The family court may order a hearing to further clarify the issues
 surrounding whether Mother's home could be made safe, Children's current foster
 care placements, Children's future prospects for permanent placement, and any
 other relevant issues related to Children's best interests.     
AFFIRMED IN PART, REVERSED
 IN PART, AND REMANDED.
FEW, C.J., KONDUROS, J.,
 and CURETON, A.J., concur.